Bennett, Sheriff and Tax Collector, *v.* Jones, *et al.*

[66 South. 277.]

1. Licenses. *Privilege tax. Penalty for non-payment. Statutory provisions.*

There is nothing in chapter 104, Laws 1912, levying a privilege tax on certain places, and providing in section 7 that all laws and parts of law in conflict therewith are repealed, in conflict with section 3901, Code 1906, which provides that all persons liable for a privilege tax who shall fail to procure the license during the month in which it is due, shall be liable for double the amount of the tax and hence the code section applies to taxes levied under such chapter 104, Laws 1912.

2. Licenses. *Providing tax. Penalty for non-payment. Statutory provision.*

There is nothing in chapter 210 of the Law of 1910, which amends section 3899 and section 3905, and repeals sections 3897 and 3898 of the Code of 1906 in conflict with section 3901, nor is there anything in section 3901 violative of the constitution.

APPEAL from the circuit court of Forrest county.
HON. PAUL B. JOHNSON, Judge.

Petition by W. T. Jones and others for a writ of man-
damus against J. D'. Bennett, sheriff and tax collector.
From a judgment overruling a demurrer to the petition
and directing the issuance of the writ, defendant ap-
peals.

The facts are fully stated in the opinion of the court.

*Sullivan & Conner,* for appellant.

The single question presented by this record is whether
or not a person whose duty it is to pay a privilege tax
during the month of April and who fails to do so and
thereby becomes liable for double damages, as provided
by section 3901 of the Code of 1906, is entitled, notwith-
standing his default and liability for double the amount
of the tax, to have the licenses issued to him on pay-
ment of the original tax without paying the double
amount.   Section 3901 of the Code of 1906 is as follows:
"All persons or corporations liable for privilege tax
who shall fail to procure the license during the month
on which it is due shall be liable for double the amount
of the tax, and it is hereby made the duty of the tax col-
lector to collect the amount, issue a separate license
therefor, and to endorse across its face the words "col-
lected as damages."   Section 3902 of the Code of 1906
is as follows:  "On all licenses not paid during the month
when due, and on which double tax is collected, the tax
collector shall be entitled to retain one-half of said dam-
ages as compensation for his extra service, in addition
to the regular commissions now allowed by law on the
regular collection."

The law makes it the duty of any person engaged in
conducting a business on which a privilege tax is levied to
pay the tax and take out the license during the month in
which it is due.   Such person is not legally entitled to do
business without taking out this license during the month

107 Miss. 56

in which it is due. If he fails to take out the license during the month in which it is due, then, according to section 3901, Code of 1906, he owes as a privilege tax twice as much as he would have owed if he had taken out the license at the proper time. Section 3901 says he shall be liable for double the amount of the tax, and that section makes it the duty of the tax collector to collect the amount and issue the separate license therefor and endorse across its face the words "collected as damages." It is as much the duty of the person carrying on the business to pay the double tax after he is in default as it was his duty to pay the single tax before he was in default. If the privilege license taken out during the month in which the license is due constitutes the authority for the person to do business and is the evidence that he has complied with the law and is, therefore, entitled to conduct the business, then the two privilege licenses provided for by section 3901, to be issued after default, constitute the evidence that the person doing the business has complied with the law and is entitled to carry on the business covered by the licenses. In other words, before default, if the person pays the tax in the month in which it is due he pays a single tax and obtains a single license and is authorized thereby to conduct the business, but if he waits until he is in default it is his duty to pay twice as much tax or double tax, and to obtain a saparate license for each of the two amounts before he is entitled to do business. It is manifestly the intention of section 3901 that the tax collector shall require the person who is in default to pay a double tax before any license can be issued to him authorizing him to do business. Section 3902, Code of 1906 provides that one-half of the additional tax imposed shall be retained by the tax collector as damages for his extra service, in addition to a regular commission allowed by the law on a regular collection. Under this section the other one-

half of the double tax or increased tax, belongs to the state of course, and it is the duty of the tax collector to pay it over less his commission on that one-half.

The appellees contend that section 7, chapter 104, Laws of 1912, had the effect to repeal section 3901, Code of 1906, in so far as collecting the double tax is concerned. Chapter 104, Laws of 1912, provided for a tax of four hundred dollars on pool rooms in towns of not less than 10,000 inhabitants, and also provided for privilege tax on certain other occupations. Section 7 of said act provides that "all laws and parts of laws in conflict with this act are hereby repealed." Section 3901, Code 1906, is not in conflict with chapter 104, Laws 1912; section 3901 is a general provision for the collection of privilege tax after default and for double that tax when not paid in the month in which it falls due. The laws in conflict with chapter 104, Laws of 1912, are such laws as levy a different privilege tax on the callings named in chapter 104, Laws 1912, than the tax therein provided. For instance, section 3778, Code of 1906, puts a privilege tax of seventy-five dollars on pool rooms in cities of not less than 5,000 inhabitants, whereas in chapter 104, Laws of 1912, one hundred dollars is the minimum tax on any pool room, and two hundred dollars is the tax in cities of less than 7,500, but not less than 2,500 inhabitants. Section 3778, Code of 1906, is in conflict with chapter 104, Laws of 1912, and is repealed by it, but there is no conflict as to section 3901, Code of 1906.

We respectfully submit that the judgment of the court below should be reversed.

*Tally & Mayson,* for appellee.

It is to be observed in the first place that section 3778 of the Code of 1906, fixes the privilege tax on persons operating a pool room in cities the size of Hattiesburg and larger at seventy-five dollars. This section of the Code was amended by chapter 73, page 56, of the Acts of

1908, but that Act nowhere fixes a penalty for the failure to obtain the privilege tax in the time as prescribed by the code. Under chapter 104, page 83 of the Act of 1912, the legislature passed an independent (not an amendatory) act fixing the license for operating the pool rooms in cities the size of Hattiesburg at four hundred dollars, but nowhere in that act was there any reference to any other act; and, besides, section 7 of the act repealed all laws and parts of law in conflict with the Act in question.

The Act of 1912, then, is not an amendatory act, but an independent act, and if any penalty or punishment is to be visited upon anyone for an infraction thereof, certainly the act should prescribe the penalty, and especially where the penalty is so drastic as that denounced by section 3901 of the Code. Should it be insisted that the Act of 1912 was not an independent but an amendatory, act, then, the act itself is in palpable violation of section 61 of the Constitution of the state, because no reference whatever is made in the act under consideration either to the Code of 1906, or to it. It follows then, that as an amendatory act, it would fall clearly within the inhibition of section 61 of the Constitution, and as such would be void. An amendatory act must contain some words which indicate the theme or provision which the act sought to be amended treats: *State* v. *Superior Court,* 92 Am. St. Rep. 831, 28 Wash. 317, 68 Pac. 957; *Sample* v. *Verona,* 94 Miss. 264, 48 So. 2; *Board of Levy Com. Y. & M. Delat* v. *Royal Ins. Co.,* 96 Miss. 832, —— So. 2. These latter cases holding that the title must be in conformity to section 71 of the Constitution and clearly express in it the section, or sections, of the law proposed to be amended.

Where a statute is intended as a substitute for a former statute it repeals such former statute, and though there be a plain case of *casus omissus,* the court cannot supply. *Clay County* v. *Chickasaw Co.,* 64 Miss. 543, 1 So. 753.

In the case of *State, ex rel. Adams* v. *Lodge* 16, *B. P. O. E.*, 13 So. 255 (not officially reported), the court held that section 2 of the Act of February 24, 1890, with reference to the sale of liquor was repealed by a new law as the section of the old law was omitted. Everything falls with an abrogated law not fully executed, except where contract rights have vested, and this is especially true in matters of taxation: *Bradstreet* v. *Jackson*, 81 Miss. 233, 32 So. 999.

The court in construing a statute which has been amended, must look at it as it stands after the amendment, construing the amended statute according to the natural signification of the words. *George* v. *Woods*, 94 Miss. 268, —— So. 147.

Penal statutes: Penal statutes cannot be extended by implication: Southerland on Statutory Construction, sec. 350; 36 Cyc. 1113; *Merrill* v. *Melchoir*, 30 Miss. 516. Statutes in their nature penal should not be extended by construction beyond their meaning: *Independent School Dist.* v. *Collins*, 128 Am. St. Rep. 76, 15 Idaho, 535, 98 Pac. 857; *Elliott Col. Int. Rev.* v. *East Penn. R. R. Co.*, 91 U. S. 492, 25 L. Ed. 292. If a statute be less comprehensive than the legislature intended, it is for that body to extend its operation and not for the court to do so. *Southerland* v. *Commonwealth*, 132 Am. St. Rep. 949, 109 Va. 834, 65 S. E. 15. Penal statutes are nonflexible, and can be made to embrace nothing which is not within the intent of the legislature in passing them. If other things equally injurious seem to deserve the same punishment, the legislature alone can provide for it. *Shaw* v. *Clark*, 43 Am. Rep. 474, 49 Mich. 384.

Legislative intent: Since the legislative intent furnishes criteria for the interpretation and construction of statutes, for the purpose of this investigation, we might examine, with profit, the other privilege tax statutes passed at the same session of the legislature and ascertain if they shed any light on the question of intent.

The act under consideration is chapter 104, page 83, Acts 1912. As before stated, there is no penalty denounced in this statute for the failure to take out privilege tax during the month of the expiration thereof. There are quite a number of other privilege tax laws passed at the same session of the legislature, and it is to be especially noted that practically all these other statutes contain penalties for their infraction.

It is therefore, respectfully submitted that the case should be affirmed, and among other reasons, we submit the following. That the Act of 1912, chapter 104, page 83, is a new and independent act and repeals expressly and by implication sections 3901 and 3902 of the Code; that if it be insisted that the Act of 1912 is amendatory of the Code and the Act of 1908, then it is without validity, as it contravenes sections 61 and 71 of the Constitution.

The appellees are entitled to the privilege tax license upon paying the fee required by law, whether the penalty denounced by section 3901 of the Code is collectible or not.

Reed, J., delivered the opinion of the court.

Appellees filed their petition in the circuit court of Forrest county, praying for a writ of mandamus to compel appellant, the sheriff and tax collector of that county, to issue to petitioners a privilege tax license, authorizing them to conduct the business of a pool room upon their payment of the sum of four hundred dollars, the amount of the privilege tax required by law.

Appellees were conducting a pool room, under the name of "Smoke House," in Hattiesburg, a city of less than 20,000, but not less than 10,000, inhabitants. Their privilege tax license expired on April 1, 1914. They failed to procure a license during April, 1914, being the month in which such license was due. In May, 1914, they offered to pay appellant, the sheriff and tax collector, the amount

of four hundred dollars as a privilege tax, and requested
the issuance by him of the license.  He refused to receive
the amount and issue the license, and demanded eight
hundred dollars, being double the amount of the tax
which he claimed he was compelled to collect by the re-
quirements of section 3901 of the Code of 1906.

Appellees stated all this in their petition, and claimed
that, by reason of the enactment of chapter 104 of the
Acts of 1912, which is an act to raise revenue by levying
privilege taxes on places for bowling alleys, billiards,
Jenny Lind, pool tables, etc., and which specifies that the
tax on the pool room in a city the size of Hattiesburg
should be the amount of four hundred dollars, and
particularly, because of the provision in section 7 of the
act that all laws and parts of laws in conflict therewith
are repealed, section 3901 of the Code has no application
at present, and that there is now no law in force requir-
ing the collection of the penalty for failing to pay the
privilege tax under the act of 1912.  Appellant filed his
demurrer to the petition, in which he assigned as a ground
that he was required by section 3901 to collect double the
amount of the privilege tax, because appellees were in
default and had failed to procure their license during the
month in which it was due.  The demurrer was overruled,
and the court directed the issuance of the writ of man-
damus, commanding appellant, as sheriff and tax col-
lector, to issue and deliver to appellees, upon the pay-
ment by them of the sum of four hundred dollars, a
privilege tax license as of date the 1st of April, 1914, ex-
piring on the 1st of April, 1915.

Section 3901 of the Code of 1906, which provides dam-
ages in case of failure to procure a license reads:

"All persons or corporations liable for privilege tax
who shall fail to procure the license during the month
in which it is due shall be liable for double the amount of
the tax, and it is hereby made the duty of the tax collector
to collect the amount, issue a separate license therefor,

and to indorse across its face the words 'Collected as damages.'"

We see nothing in chapter 104 of the Laws of 1912 in conflict with section 3901. Chapter 104 is an act to raise revenue by levying privilege taxes on certain places, including places operating pool tables. This act is in conflict with section 3778 of the Code of 1906 levying taxes on places for pool tables, etc., and, being in conflict, will repeal that section. So in like manner chapter 104 will operate to repeal all other laws enacted before its date which provide a privilege tax on places for pool tables, etc.

Section 3901, however, is not a law to raise revenue by levying privilege taxes. It is a general provision of the statute laws for the collection of privilege tax after default has been made, by imposing a penalty in the way of damages amounting to a double tax. It applies to all privilege taxes imposed by legislative enactment, unless there is some provision in the act levying the tax to prevent its operation. We find no such provision in the act of 1912.

We see nothing in chapter 210 of the Laws of 1910 which amends section 3899 and 3905, and repeals sections 3897 and 3898 of the Code of 1906 in conflict with section 3901, nor do we see anything in the section violative of the Constitution.

The trial court erred in overruling the demurrer, and directing the issuance of mandamus. The sheriff was performing his duty, made by the plain requirements of the statute, when he refused to issue the license until double the amount of the tax had been paid him.

Reversed. The demurrer is sustained, and the petition dismissed.

*Reversed.*