SMITH, Justice:
Interco, Inc. has appealed from an adverse final judgment of the Circuit Court of the First Judicial District of Hinds County dismissing its suit brought against appellee, Chairman of the Mississippi State Tax Commission.
*292 Interco alleged that Mississippi State Tax Commission wrongfully had ordered and required it to pay $10,825.00 as chain store privilege taxes, plus $5,412.50 in penalties, under Mississippi Code 1942 Annotated sections 9300 through 9311 (1952), a total of $16,237.50 and sought recovery of that sum. By consent, the case was heard by the judge, without the intervention of a jury, and the facts, in the words of appellant, “were to a great extent stipulated .by counsel for the respective parties.”
Plaintiff-appellant, Interco, is a Delaware corporation, authorized to do business in Mississippi, with its principal office in St. Louis, Missouri. The defendant-appel-lee is the Chairman of the Mississippi State Tax Commission, who is charged with the duty of collecting “chain store” privilege taxes imposed by sections 9300 through 9311, supra. Interco operates through divisions and wholly owned subsidiary corporations.
It is the practice of Interco to lease shoe department space in department stores in cities throughout the country. It had in Mississippi 7 such leased “shoe department” retail outlets in each of the years 1963 through 1965, and had 8 such leased departments in 1966. In addition to these leased “shoe departments,” Interco owned and operated in Mississippi 4 retail shoe stores in 1963, 3 in 1964 and 1 in each of the years 1965 and 1966. In all, Interco operated 719 retail shoe stores and leased retail shoe departments in 45 states, including Mississippi.
The initial formal demand upon Interco for payment of the $16,237.50 in chain store taxes and penalties was made by Mississippi State Tax Commission by letter on February 7, 1967. Prior to that time, “on previous occasions” since 1963, it was stipulated that the Commission had requested Interco to apply for and obtain chain store privilege licenses but Interco had declined or omitted to do so. No payment of the tax was made by Interco until $16,237.50 was paid April 28, 1967, pursuant to an order entered March 14, 1967, by the Mississippi State Tax Commission following a hearing of the matter.
On this appeal, Interco has assigned and argues several grounds for reversal.
First, it is contended that it is not a “retailer” as defined in Mississippi Code 1942 Annotated section 9301(c) (1952). It is pointed out that the tax is levied for “the privilege of engaging or continuing in the business of a retailer” as defined in the act; that “retailer” is defined by section 9301 (c) as including “every person engaged principally in the business of making sales at retail.” (Emphasis appellant’s). It is argued that the key to including or excluding is the word “principally,” and that In-terco should be excluded because from 64% to 77% of its annual income in the years 1963 through 1966 was derived from its manufacturing and wholesale businesses.
A corporation or individual may, of course, engage in several businesses concurrently. The tax is levied for the privilege of operating retail outlets and is not affected by the fact that an entity so engaged may have income from other separate and different businesses as well. In such event, if considered solely upon the basis of income, the operator of the businesses might avoid the taxing of any one of them by showing in each case that the operator derived a greater proportion of income from a combination of the others. We think that the word “principally” as used in the act refers to the retail store or retail outlet for the operation of which the privilege tax is levied, and was not intended to exempt those who engage in a retail business because such retailer also operates another business or other businesses from which he derives a greater proportion of income.
Appellant next contends that it was error to consider the “leased shoe departments” as being “stores” within the meaning of the chain store taxing statutes.
*293 In the enactment of the “chain store” tax statute the Legislature declared its policy to be:
It is hereby determined that due to the greater specialization in management and methods, the advantages of mass buying, of intensive selling, of greater utilization of capital assets, of the specialized character of their merchandising and the more efficient coverage and results obtained from their advertising, stores operated in multiple units enjoy an advantage over individually owned and operated single stores to the extent that it is fit and proper that such stores should be separately classified for the purpose of privilege taxation; and further, that the increasing growth of chains and greater multiplication of units of stores tend to foster monopoly and to create unemployment by driving out of business their competitors who do not enjoy such advantages. See Mississippi Code 1942 Annotated section 9300 (1952).
A lease form, customarily in use by Interco, was attached to the stipulation. This document shows that it was the practice of Interco to lease specifically defined floor space within an established department store and to use such leased space in conducting a retail shoe business. The lease provides for the utilization by Interco of some of the facilities of the department store and requires Interco to maintain standards compatible with those of the department store in which it conducts its retail shoe business. Rental involves a profit sharing plan but the business of Interco in each case is unmistakably that of operating a retail shoe business.
The lease employed by Interco provides, among other things, that lessee shall occupy with its shoe department the space designated in the lease, and shall have the exclusive right in the store in which it is located to carry on and conduct the “business of selling at retail all types of footwear.” Under the terms of the lease, it is agreed that, “while the business of lessee (Interco) is to be and remain as the business of lessee, the same shall be so conducted as to appear to customers to' be a department of lessor’s business.” It is further provided that all persons employed in the shoe “department” shall be employees of lessee, and that lessee shall be exclusively liable for all of its purchases of merchandise and equipment as well as for its other transactions connected with its retail shoe ■business.
The result of all of this is, beyond question, that the “leased department” is a retail outlet for shoes where Interco enjoys “the privilege of engaging or continuing in the business of a retailer.” The legislative purpose in imposing the tax was to levy it upon the privilege of “engaging or continuing in the business of retailer.” The character and extent of the quarters in which the business may be conducted is not germane to the question. Obviously it was the legislative intent that the tax apply whether the “business of a retailer” is conducted in a multistory building entirely devoted to that purpose, in an apartment, a single room, or in a “shoe department” in a leased portion of a larger area. The fact that other floors, rooms or parts of rooms are used for other purposes cannot affect the proposition.
The word “store” is a word capable of expressing several different meanings, the meaning intended usually being determinable by the context in which it is used. In the statute under consideration we think it was used by the Legislature to mean “a place where merchandise of any kind is kept for sale.” Funk & Wagnalls New Standard Dictionary of The English Language (1935).
It is defined in the act itself as including “any mercantile establishment * * * in which goods, wares, or merchandise of any kind are sold or offered to be sold at retail.” Mississippi Code 1942 Annotated section 9301 (1952).
Under these definitions and within reason, bearing in mind the purposes of the *294 act and the nature of the levy, we have concluded that there can be no valid distinction between a retail shoe store operated in a separate “store” building, and such a retail store operated in a part of a building. See Calvert v. General Retail Corporation, 390 S.W.2d 10 (1965) (application for writ of error refused by Texas Supreme Court), Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896 (1937).
The next contention of appellant, that the chain store taxing statutes unconstitutionally delegate “uncontrolled discretion” to the Chairman of the Mississippi State Tax Commission with respect to the imposition of penalties, is also without merit. Broadhead v. Monaghan, 238 Miss. 239, 117 So.2d 881 (1960) cited in support of this proposition, is not in point. In that case, the statute purported to' delegate uncontrolled discretionary power to the Commissioner to impose penalties within broad limits as he saw fit. The provisions of Mississippi Code 1942 Annotated section 9305 (1952), under which the penalties were assessed in the present case, are definite, unequivocal and precise and leave no room for interpretation or for the exercise of discretion. The penalties are imposed for delinquency without regard to wilfulness or wantonness. No discretion rested with the Commissioner to waive, remit or vary the penalties in this case.
Finally, it is argued that the chain store taxing statutes are void because they violate the Mississippi and United States Constitutions. It is said that they violate “the concept of due process” and deny Interco “equal protection of the law.”
Fox v. Standard Oil Co., 294 U.S. 87, 55 S.Ct. 333, 79 L.Ed. 780 (1935) (rehearing denied) 294 U.S. 732, 55 S.Ct. 511, 79 L.Ed. 1261 (1935) involved the validity of a chain store licensing statute of West Virginia and its application to distributing plants and service stations, the act levying the tax upon “all persons and corporations operating or maintaining a store as defined [in the act].” The West Virginia Act imposed a graduated tax of from $2.00 upon one store to $250.00 upon each store in a chain in excess of 75. The court held that gasoline service stations were “stores” within the meaning of the West Virginia Act and subject to the tax. The court answered in the negative contentions similar to those now interposed by Interco to* the effect that the act deprived the taxpayer of his property “without due process of law” and of “equal protection of the law.”
Great Atlantic & Pacific Tea Co. v. Grosjean, 301 U.S. 412, 57 S.Ct. 772, 81 L.Ed. 1193, 112 A.L.R. 293 (1937), (rehearing denied) 302 U.S. 772, 58 S.Ct. 3, 82 L.Ed. 599 (1937) disposed of an attack upon the validity of the Louisiana Act of 1934 which provided for a graduated license tax upon operators of chain stores, based upon the number of stores included under the same general management “whether operated in this state or not.” The tax varied from $10.00 for each store operated in Louisiana, where the chain had a total of not more than 10 stores, to a tax of $550.00 for each store- in Louisiana belonging to a chain of more than 500 stores. The court held that the tax was not discriminatory nor did it deprive the taxpayer of his property without due process of law. The court distinguished Liggett Co. v. Lee, 288 U.S. 517, 53 S.Ct. 481, 73 L.Ed. 925, 85 A.L.R. 699 (1933), cited by Interco in support of its constitutional objections to the Mississippi statute, pointing out that in Liggett, where the tax was held invalid, the tax upon each store was increased if the chain had stores in two counties rather than in only one. In Liggett the court said that the basis of the differentiation in rate of tax was entirely arbitrary, unrelated to the size or character of the chain and conditioned solely upon the location of one or more of its units.
Interco is a retailer operating a chain of stores within and without the state and was properly assessed by Mississippi State Tax Commission with the chain store privilege license tax upon its Mississippi stores, in- *295 eluding the leased departments, together with the penalties provided for delinquency.
The lower court did not err in holding that Interco was not entitled to recover in its action against appellee, and correctly dismissed the suit.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY and PATTERSON, ‘JJ.,' concur.