ROBERTSON, State Revenue Agent, *v.* SOUTHEASTERN EXPRESS CO.

[94 South. 210.  No. 22858.]

1. CARRIERS. *First, second, and third class railroads, referred to in statute fixing tax on express companies, are those required to be so classified by Railroad Commission.*

   The first, second, and third class railroads referred to in section 21, chapter 104, Laws 1920 (Hemingway's Code Supp. 1921, section 6512), are those required by section 45, chapter 104, Laws 1920 (Hemingway's Code Supp. 1921, section 6573), to be so classified by the Railroad Commission.

2. CARRIERS. *Constitutional law. Law providing classification of railroads for imposition of tax on express companies without notice held not unconstitutional as violative of due process of law clause.*

Section 21, chapter 104, Laws 1920 (Hemingway's Code Supp. 1921, section 6512), by which a privilege tax is imposed on each express company of six dollars per mile on all first class railroad tracks, and three dollars per mile on all second and third class railroad tracks over which the company operates, the classification of the railroads to be made annually by the Railroad Commission, does not violate the Fourteenth Amendment to the federal Constitution because of the omission therefrom of a provision requiring notice to be given to the companies of the time when the roads will be classified.

3. COMMERCE. *Privilege tax on express company held to be on intrastate business, and not unconstitutional when licensee engaged in both intrastate and interstate business.*

The privilege tax imposed on an express company by section 21, chapter 104, Laws 1920 (Hemingway's Code Supp. 1921, section 6512), is on the intrastate business of the company, and the commerce clause of the federal Constitution (article 1, section 8, clause 3) is not violated when the tax is collected from an express company doing both interstate and intrastate business.

4. CONSTITUTIONAL LAW. *Licenses. Law imposing license tax on express companies held not unconstitutional as violative of the due process clause.*

The discrimination in section 73, chapter 104, Laws 1920 (Hemingway's Code Supp. 1921, section 6630), against persons beginning a new business by which damages are imposed on "all persons . . . liable for privilege taxes who shall fail to procure the license therefor before beginning the business taxed, or who shall fail to renew, during the month in which it is due, the license on a business on which he has heretofore paid a privilege tax," is not unreasonable, and therefore does not violate the Fourteenth Amendment to the federal Constitution.

APPEAL from circuit court of Lauderdale county.
HON. J. D. FATHEREE, Judge.

Action by Stokes V. Robertson, State Revenue Agent, against the Southeastern Express Company, to recover a privilege tax. From a judgment for the amount of the tax, but not for the penalty, both parties appeal. Reversed, and judgment for plaintiff for tax and penalty.

*Amis & Dunn,* for appellant.

*Bozeman & Cameron,* for appellee.

No brief for either side found in the record.

SMITH, C. J., delivered the opinion of the court.

This is an action at law by the State Revenue Agent against the Southeastern Express Company to recover from the company the privilege tax provided by section 21, chapter 104, Laws 1920 (Hemingway's Code Supp. 1921, section 6512), and also damages provided by section 73, section 104, Laws 1920 (Hemingway's Code Supp. 1921, section 6630), for exercising a privilege without having first paid the tax required therefor. The cause was tried upon an agreed statement of facts from which it appears, as set forth in the brief of counsel for appellant:

"That the Southeastern Express Company began business on the 1st day of May, 1921; that it was engaged in carrying express on railroad trains, both interstate and intrastate; that it operated and carried such express in the state of Mississippi over the tracks of the several railroads set out in the statement; that it carried interstate express over all of said railroad tracks in the state of Mississippi, but that it carried intrastate express only from station to station in the state of Mississippi, and that it carried interstate express only over that portion of said railroads lying between the last stations within the state of Mississippi and the state line, showing eleven and four-tenths miles of railroad track in the state of Mississippi, over which the defendant carried interstate express only; that in pursuance of section 45 of said chapter 104 the Mississippi Railroad Commission did on the 1st day of August, 1920, classify the several railroads in the state of Mississippi according to their charters and the gross earnings of each, for the purpose of levying privilege tax on said railroads; the classification being set out in the statement.

"That no further classification of said railroad tracks was made by the Mississippi Railroad Commission until August 1, 1921, when they were again classified by said Commission under said section 45 for the purposes therein cited.

"That no classification of said railroad tracks was ever made by the Mississippi Railroad Commission under section 21 of said chapter 104 of the Laws of Mississippi of 1920, or otherwise, with reference to the operation of the defendant express company or any other express company over said tracks.

"That the privilege tax sued for covers the year beginning May 1, 1921, and ending May 1, 1922; that on May 17, 1921, the defendant express company tendered to Stokes V. Robertson, State Revenue Agent, the amount of the privilege tax demanded by him, but declined to pay or tender the amount of the penalty demanded and claimed by him, but that no part of either the privilege tax or the penalty had been paid.

"That for the six-month period beginning July 1, 1921, and ending December 1, 1921, the intrastate business of the defendant express company over the several railroad tracks per mile was as follows:

Alabama Great Southern, first class .............. 5.16
Southern Railway, first class ................... 8.92
Columbus & Greenville, second & third class ....... 6.65
Mobile & Ohio, first class ...................... 8.40
New Orleans & Northeastern, first class ........... 12.61

The jury, in accordance with an instruction from the court so to do, returned a verdict in favor of the plaintiff for the amount of the tax, but not for the penalty sued for, and from the judgment entered thereon there is a direct appeal by the revenue agent and a cross-appeal by the express company.

The contentions of counsel for the express company are:

First, that "section 21 of chapter 104, of the Laws of 1920, is vague, indefinite, and void for uncertainty, in that

it fails to designate or define what are first class railroad tracks, and in that it fails to provide any method or tribunal or procedure by which it may be ascertained or determined in due course what railroad tracks are first class or second class or third class, with reference to the operation of the business of an express company, or as a basis for imposing a privilege tax upon express companies."

Second, that "if section 45 is to be ingrafted upon section 21 for the purpose of supplying the deficiency in section 21, the statute, so combined, is in violation of the Fourteenth Amendment to the Constitution of the United States, in that it neither provided for nor requires notice to be given express companies, and gives them no right or opportunity to be heard on the matter of classification of the railroad tracks over which they operate."

Third, that "section 21 is violative of the commerce clause of the Constitution of the United States."

Fourth, that section 73, chapter 104, Laws of 1920 (Hemingway's Supplement 1921, section 6630), discriminates against persons beginning a new business, thereby denying them the equal protection of the laws, in violation of the Fourteenth Amendment to the federal Constitution.

The discrimination here complained of is that a person beginning a new business is liable for the damages provided by the statute, unless he pays the privilege tax required therefor before beginning business, but may renew the privilege tax on an old business at any time "during the month in which it is due," without being liable for the damages. We are of the opinion that the first, second, and third class railroads referred to in section 21, chapter 104, Laws 1920 (Hemingway's Code Supp. 1921, section 6512), are those required by section 45, chapter 104, Laws 1920 (Hemingway's Code Supp. 1921, section 6573), to be so classified by the Railroad Commission; that the constitutional due process of law requirement is not violated by the classification of railroads without notice to express companies intending thereafter to transport or engage in transporting freight over them; that although the freight

transported by the appellant is both in interstate and intra-state commerce subjecting it to the tax does not violate the commerce clause of the federal Constitution, the tax being imposed on the intrastate commerce (*N. O., M. & C. R. Co. v. State,* 110 Miss. 290, 70 So. 355,) and that the discrim-ination complained of between persons beginning a new and those conducting an old business is not unreasonable, and therefore does not violate the Fourteenth Amendment to the federal Constitution. From which it follows that the court below committed no error in instructing the jury to return a verdict for the amount of the tax sued for, but erred in instructing it not to return a verdict for the damages.

The judgment of the court below will be reversed, and judgment will be rendered here in favor of the appellant for both the tax and the damages sued for.

*Reversed and judgment here.*