REED *v.* STATE TO USE OF ARMSTRONG.

(Division B.  Nov. 25, 1929.)

[124  So.  497.  No.  28179.]

**Engle & Laub,** of Natchez, for appellant.

 

Kennedy & Geisenberger, of Natchez, for appellee.

Griffith, J., delivered the opinion of the court.

Throughout the year 1926, G. W. Armstrong was the owner of a large amount of lands in Adams county which were regularly assessed for taxes for that year. The said owner failed to pay the taxes until long past the due date, and did not pay the same until March 3, 1927. In the meantime and between February 1, 1927, and said March 3, 1927, the tax collector had made up his list of all delinquent real property for advertisement for sale, but had not actually delivered the list to the printer. When the taxpayer appeared on March 3d and offered to pay his said delinquent taxes, he insisted that he should be allowed to do so without the additional compensation of ten per cent provided by statute, chapter 206, Laws 1924, section 1951, Hemingway's Code 1927.;

but the tax collector demanded the said ten per cent which was paid under protest, and the taxpayer then brought suit to recover the amount from the said tax collector. Judgment was entered in the circuit court in favor of the taxpayer, and the collector appeals.

There had been some confusion and contrariety of opinion under earlier statutes relative to the time when, and exact circumstances under which, the ten per cent additional compensation should be taken by the collector on delinquent real estate collections. It was the purpose of the statute mentioned to clear up that question and to use plain and perfect language for that purpose. The statute now reads: "Ten per centum on all taxes collected on real property when and after such property has been listed for advertisement for sale, provided no penalty shall attach until thirty days after a legal assessment has been approved."

It is the contention of appellee that this statute does not come into operation until the tax collector has actually delivered his delinquent list to the printer, and a publication has been made; the argument being that until this step has been taken nothing has been done in the nature of a coercive measure. The advertisement is not a coercive measure, for it is expressly provided in section 4328, Code 1906 (section 8247, Hemingway's Code 1927), that a failure to advertise shall not invalidate a sale. Besides, the argument with reference to coercive measures is to confuse this question with delinquent taxes on personal property, and also is to hark back to some of the old decisions under former statutes. As we have already said, the wording of the present statute is plain, and we think nothing is to be added to it or taken from it by judicial construction. The testimony is undisputed that the tax collector had listed the delinquent real property of his county for sale before the day of the payment tendered and made, and that this list included the prop-

erty of appellee taxpayer; so that the application of the statute as it is written plainly covered the case in favor of the tax collector.

Reversed, and judgment for appellant.