Texas Co. *v.* Dyer, Motor Vehicle Com'r.

(Division B.  April 26, 1937.)

[174 So. 80.  No. 32720.]

136

Watkins & Eager, of Jackson, and **F. T. Baldwin** and **W. O. Crain**, both of Houston, Texas, for appellant.

**Wm. H. Maynard,** Assistant Attorney-General, for appellee.

Argued orally by **W. H. Watkins, Sr.**, for appellant, and by **Wm. H. Maynard**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The Texas Company, a foreign corporation, the appellant here, has been since 1926, and now is, engaged, in the state of Mississippi, in the sale, storage, and distribution of gasoline, kerosene, and other products, and, under the provisions of chapter 93, Laws of 1932, was under the duty to make a report of the amount of its transactions, for the purposes of taxation, for the month of April, 1932, on or before the 15th day of May, 1932. Section 8 of said chapter 93 reads as follows: *"Monthly Reports and Remittances.*—Each distributor or wholesale dealer of gasoline, within the state shall report monthly to the Auditor of Public Accounts all purchases of gasoline, and also all purchases of kerosene, fuel oil, distillate oils, or other motor fuels made by him during the preceding month, which report shall give the names and addresses from whom all said commodities received by him during the preceding month, was acquired, and the excise tax herein provided shall be paid upon all of the gasoline purchased, acquired or stored by said distributor or wholesale dealer, during the preceding month, less 2 per cent for loss by evaporation, spillage and other causes, and except such as is exempted by the preceding section, and an invoice of all purchases of said commodities shall be kept on file by said wholesale dealer or distributor for twelve months from the date of purchase

and shall be open to inspection by any state officer at all reasonable hours. The report herein required shall be filed with the Auditor of Public Accounts, on or before the 15th day of each month, and shall be accompanied by an amount equal to the required tax per gallon on all gasoline, kerosene, fuel oil, distillate oils or other motor fuel, received by said distributor in the preceding month, less the allowance for evaporation on gasoline as provided. Reports bearing the Government postmark showing mailing on or before the 15th shall be considered as filed on or before the 15th. In case gasoline in storage is destroyed by explosion or fire or tornado, then the wholesale dealer or distributor may deduct the amount so destroyed and may also deduct any payment erroneously made, on making proof thereof, approved by the state auditor; such deductions less 2 per cent to be made from its next monthly report. Gasoline will be considered as received or acquired by the distributor or wholesale dealer when the car containing same has been placed by the carrier for the purpose of being unloaded, and the same rule shall apply whatever the manner in which the gasoline is received, unless the car is refused. The unloading of any part thereof within ten days from the time of placing the car shall automatically fix the time of receipt at the time of placing the car. The provisions of this section shall extend and apply to retail dealers who acquire the gasoline from sources of the 'dealer's option.' ''

In section 10, chapter 93, Laws of 1932, it is provided that: ''Every distributor or wholesale dealer of gasoline and/or other motor fuel, . . . failing or refusing to pay all excise taxes as provided for by law when due, shall be liable for a penalty thereon, equal to 25% of the amount of the excise tax due, which penalties shall be collected by any officer entitled to do so and distributed monthly as other gasoline taxes, less not exceeding 20% commission on the principal, not including the penalty, for collecting as allowed by law, but no officer.

shall be entitled to any commission for such collection until said tax shall be due thirty days during which period the Auditor of Public Accounts who is primarily charged with the duty of collecting such tax shall exert every reasonable effort to make such collection, and no officer shall, either directly or indirectly, remit, abate, or fail to collect the full amount of penalty herein imposed, and any officer neglecting, failing or refusing to collect the full amount of said penalty when same is collectible by law be liable on his official bond for so much of said penalty as he neglects, fails or refuses to collect. Provided, however, if the reports so mailed on time shall unknowingly contain an error, and said error be discovered by the dealer or distributor and he shall call same to the attention of the Auditor of Public Accounts, and make correction within five days after mailing the said report, then the above penalty shall not attach,'' etc.

By chapter 162, Laws of 1936, the office of ''Motor Vehicle Commissioner,'' in effect May 1, 1936, was created, and the statutes bearing upon the collection of these taxes and penalties were reenacted in substantially the same form as stated in chapter 93, Laws of 1932. By section 44 of chapter 162, Laws of 1936, among other things, it was therein provided that nothing in that act should ''affect or defeat any right, claim, suit or cause of action for taxes levied on gasoline, kerosene, fuel oil and distillate which have not been paid by the person liable therefor prior to the effective date of this act, whether such claim, suit, or cause of action has been instituted or begun prior to the date this act becomes effective, or may hereafter be instituted or begun, and all laws hereby repealed are expressly continued in full force, effect and operation for the purpose of collecting the taxes due under any of such laws prior to the date on which this act becomes effective, and for the purpose of the imposition of any claim for penalties or damages for failure to comply therewith. Provided, further, that all laws hereby repealed are expressly continued in full

force, effect and operation for the purpose of collecting any fines and penalties due under such laws prior to the date on which this law becomes effective.''

It is alleged in the bill that the appellant, on the 15th day of May, 1936, secured a certified check from a New Orleans bank; inclosed it with the necessary report; addressed same to the Motor Vehicle Commissioner in Jackson, Miss., and delivered it to one of its employees with instructions to mail same. This employee went to the post office for the purpose of registering said remittance, but found the registry window closed, it being after hours. Consequently, the remittance was not mailed until the 16th of May, being thus postmarked, and reached the commissioner on Monday, May 18, 1936. The commissioner, on receipt of this letter, demanded the 20 per cent. penalty for failure to pay on the 15th, which penalty appellant paid, under protest, and secured a writ of injunction against the commissioner to prevent his paying the money into the state treasury, and filed a bill seeking to have the money refunded.

It is further alleged in the bill that, being a foreign corporation, appellant had appointed an attorney, under the laws of this state, upon whom service of process might be had, and had paid all fees and charges imposed by law as a condition precedent to doing business in the state; that it had built up a good business here, owning, approximately, fifty wholesale or bulk stations, its property in this state being valued at over $300,000; that its net sales in 1935 aggregated $1,910,318.82, and that it paid to the state of Mississippi, in the year 1935, taxes amounting to $914,529.14. It is further alleged that for the month of April, for the business done, the tax amounted to $80,860.63; that it was not liable for the penalty exacted by the commissioner, or any part thereof, and should have and recover from said commissioner said penalty.

The bill was demurred to by the commissioner and

was dismissed, from which decree this appeal is prosecuted.

Appellant contends that the penalty for failure to pay by the 15th should not be applied to it because the state received the money as early as it could have received. it and collected the money, it being alleged that the banks in Jackson close on Saturdays at 12, and that the checks constituting the remittance could not have been cleared before Monday, the day said remittance was received by the commissioner.

The effect of section 8 of chapter 93, Laws of 1932, which is the applicable law here, is to fix the 15th as the day final for the payment of this tax. Of course, the payment may be made at any time between the 1st and the 15th, but the law makes it the duty of the commissioner to impose the penalty if not paid on or before the 15th, and upon his failure to do so he is, himself, liable for the amount of the penalty. Section 8 permits taxpayers to deposit this tax, suitably inclosed, in the United States mail on the 15th, and when its bears the government postmark showing the mailing on or before the 15th, this makes it equivalent to being filed with the commissioner.

It must be borne in mind, when dealing with these provisions of the statute, that the letter containing remittances must be stamped by the post office officials on the date of the mailing to show that the law was complied with. In a number of places, post offices, as well as the office of the commissioner at Jackson, are open for business within fixed hours, and persons desiring to transact business with them must see to it that they comply therewith, and if depending upon a remittance reaching a certain place by the 15th must have the letter containing it postmarked on or before the 15th of the month, to show the deposit in mail in proper time to comply with the requirements of the Statute.

The Legislature has the right, of course, to impose penalties upon taxpayers for failure to comply with

the law, and to fix a date for a final payment. The penalty here imposed is not excessive when considered in connection with the purpose of government; the necessity for money to run it, and the desirability of having taxes promptly paid when due.

Appellant argues that the taxes were not due until May 15th. Taxes may be paid, at any time, between the 1st and the 15th of the month. The taxpayers are allowed this period in which to prepare reports, and parties must so arrange their business as to comply with the law.

The report and remittance involved in the case at bar, according to the record, could have been mailed in ample time to have been postmarked the 15th, had the employee of the appellant, when reaching the post office, mailed the letter, and had he done so, instead of taking it back to the place of business, it would have reached Jackson the following day, and would have complied with the law by being stamped the 15th. This employee, however, as it was to be sent by registered mail, no doubt for prudent reasons, did not mail it until the following day. If there is any hardship attached to this transaction, it is a hardship of appellant's own making.

The imposition of a penalty for failure to pay taxes upon the day fixed by law is nothing new in this state or in this country. The object of this penalty is not merely a punishment upon the taxpayer, but is in furtherance of enforcing a public duty in the interest of the public welfare. Bennett v. Jones, 107 Miss. 880, 66 So. 277; Gulfport & M. C. T. Co. v. Robertson, 129 Miss. 322, 92 So. 231; Robertson v. Southeastern Express Co., 130 Miss. 305, 94 So. 210; Reed v. State, 155 Miss. 512, 124 So. 497; Brittian et al. v. Robertson, 120 Miss. 684, 83 So. 4; Hamel v. Marlow, 171 Miss. 559, 157 So. 255, 905, 96 A. L. R. 924; C. J., title, Taxation, Vol. 61, section 2104, p. 1482.

This statute fixing the date for the payment of taxes and the imposition of penalties or damages for failure to

pay, does not violate the due process clause of the Fourteenth Amendment to the United States Constitution, or of the State Constitution nor does it violate, in any way, any other constitutional provision, so far as we can see.

It is argued that the enactment of chapter 162, Laws of 1936, has the effect of repealing chapter 93, Laws of 1932, so far as the penalty in this case is concerned. This view is untenable, because it is expressly provided in section 44, chapter 162, Laws of 1936, that the laws are retained in full force for the purpose of collecting penalties, etc. Besides, said chapter 162 re-enacts or brings forward, without change, the duties and penalties in reference to the payment of taxes contained in chapter 93, Laws of 1932.

We see no merit in the contention that the penalty should not be imposed because the state was not delayed in the use of its money. Frequently taxes are collected on a fixed date and the money is not used by the state or county for a considerable period of time thereafter. This fact, in no way, suspends the law bearing upon the requirement for the payment of taxes on a fixed date, and the imposition of a penalty or damages for neglect or failure so to do. The Legislature was acting within its constitutional powers in fixing a date for the payment of taxes and the imposition of damages, and in making officers failing or refusing to collect penalties liable therefor. It certainly would not be fair to have an officer to disregard a legislative enactment and run the risk of being liable himself.

The question of whether an officer could be enjoined, in a proper case, from paying the money into the state treasury, does not here arise.

The judgment of the court below will, therefore, be affirmed.

Affirmed.