# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-00440-SCT

*JANSSEN PHARMACEUTICA, INC., AND*
*JOHNSON & JOHNSON, ET AL.*

*v.*

*HATTIE JACKSON, ET AL.*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/25/2002 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | DONNA BROWN JACOBS |
| | CHRISTY D. JONES |
| | JOHN C. HENEGAN |
| | ROBERT L. JOHNSON |
| | L. CARL HAGWOOD |
| | CLIFFORD B. AMMONS |
| | ROBERT K. UPCHURCH |
| | WHITMAN B. JOHNSON, III |
| | JULIETTE VERONICA WILSON |
| | AL NUZZO |
| | LAURA G. McKINLEY |
| | MARTIN R. JELLIFFE |
| | THOMAS M. LOUIS |
| | ANITA K. MODAK-TRURAN |
| | KARI LOUISE FOSTER |
| | MICHAEL BRADFORD HEWES |
| | DAVID W. UPCHURCH |
| | JOSIAH DENNIS COLEMAN |
| | JASON EDWARD DARE |
| | B. WAYNE WILLIAMS |
| | DAN W. WEBB |
| ATTORNEYS FOR APPELLEES: | WILLIAM B. GILL, III |
| | ELIZABETH ANN SANTANGINI |
| | JAMES M. PRIEST, JR. |
| | JOHN F. HAWKINS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 09/30/2004 |
| MOTION FOR REHEARING FILED: | |

MANDATE ISSUED:

**BEFORE COBB, P.J., CARLSON AND DICKINSON, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     Hattie Jackson and thirty other Mississippi Plaintiffs ("Plaintiffs") filed suit on July 19, 2002, in the Circuit Court of Holmes County, Mississippi, alleging injuries they claim were caused by the prescription medication Propulsid.  The suit was filed against Janssen Pharmaceutica, Inc. ("Janssen"), Johnson & Johnson ("Johnson"), 27 prescribing physicians, and 15 drug stores/pharmacies (collectively "Defendants"). Only three Plaintiffs are from Holmes County. Plaintiffs sought compensatory damages from all the Defendants and punitive damages from Defendants  Janssen and Johnson.

¶2.     On September 27, 2002, Janssen and Johnson filed a Motion to Sever and Transfer Venue for Separate Trials alleging that joinder was improper under M.R.C.P. 20.  They requested the court sever the non-resident plaintiffs and transfer each plaintiff to the appropriate venue for separate trials.

¶3.     On November 25, 2002, the trial court denied the Defendants' Motion to Sever and Transfer for Separate Trials.  We granted Janssen and Johnson permission to appeal from  that from that interlocutory order.  *See* M.R.A.P. 5.

**FACTS**[1]

¶4.     Propulsid is a prescription medication manufactured by Janssen Pharmaceutica, Inc., used to treat gastroesophageal reflux disease (GERD). The Food and Drug Administration (FDA) approved Propulsid for sale in the United States in July 1993, after 12 years of research and clinical testing and more than five years of use in Europe by millions of patients. The 1993 package insert noted that there had been rare

---

[1] These facts are taken verbatim from the ***Janssen Pharmaceutica, Inc. v. Armond,*** 866 So. 2d 1092, 1095 (Miss. 2004).

reports of tachycardia (rapid heartbeats) in patients taking Propulsid, but no incidents involving serious injury or death. In late 1994, Janssen received two reports of patients who experienced a potentially fatal heart arrhythmia known as "torsades de pointes." These patients were also taking the drug ketoconazole, an antifungal medication. After a drug interaction study was performed, a new package insert was issued in February 1995, warning against taking Propulsid with this and other medications. During the seven years after FDA approval for sale in the U.S., the package insert for Propulsid was revised five times: in February 1995, October 1995, June 1998, May 1999 and January 2000. Along with the new package inserts, Janssen sent hundreds of thousands of "Dear Doctor" letters to inform physicians and pharmacists of the revised safety information. During the period from 1993 to 2000, there were reports of about 300 cardiac events among the approximately ten million patients given Propulsid in the United States. Due to the potential seriousness of such an event, Janssen decided to make Propulsid available only through an investigational limited access program in May 2000. Janssen claims that this decision to withdraw Propulsid from commercial distribution has sparked thousands of claims across the country that Propulsid has caused all manner of injuries.

## ANALYSIS

¶5.     The issues raised in the case sub judice are the same issues raised and discussed in *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092 (Miss. 2004). In *Armond*, we determined that joinder was improper and that the trial court abused its discretion in denying the motion to sever and transfer. Thus, *Armond* controls the disposition of all issues raised in the case sub judice. Accordingly, we find that the plaintiffs in the case sub judice do not share a single, distinct litigable event and may not be joined.

## CONCLUSION

3

¶6.     For these reasons, we reverse the circuit court's order denying the defendants' motion to sever and transfer for separate trials,  and we remand this case for severance of all claims against defendants with no connection to the Holmes County plaintiffs, and we instruct the trial court to transfer the severed cases to those jurisdictions in which each plaintiff could have brought his or her claims without reliance on another of the improperly joined plaintiffs. We further instruct the trial court to sever the improperly joined Holmes County plaintiffs for separate trials.

¶7.     **REVERSED AND REMANDED.**

**SMITH, C.J., COBB, P.J., AND CARLSON, J., CONCUR. EASLEY, J., CONCURS IN PART AND DISSENTS  IN PART WITHOUT SEPARATE WRITTEN OPINION. WALLER, P.J., DIAZ,  GRAVES AND RANDOLPH, JJ., NOT PARTICIPATING.**