# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-00275-SCT

*JANSSEN PHARMACEUTICA INC., JOHNSON &
JOHNSON, ET AL.*

*v.*

*JOE KEYS, ET AL.*


| | |
|---|---|
| DATE OF JUDGMENT: | 1/28/2003 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SMITH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | DONNA BROWN JACOBS |
| | CHRISTY D. JONES |
| | JOHN C. HENEGAN |
| | ROBERT L. JOHNSON, III |
| | KARI LOUISE FOSTER |
| | AL NUZZO |
| | JOHN LEWIS HINKLE |
| ATTORNEYS FOR APPELLEES: | RICHARD CLINTON STRONG |
| | KEN R. ADCOCK |
| | EUGENE COURSEY TULLOS |
| | MARK D. MORRISON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 07/29/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     Thirty-seven plaintiffs filed suit in Smith County Circuit Court for injuries allegedly sustained after usage of the drug Propulsid. Seven of those plaintiffs were from Smith County.  The suit was filed against the makers of Propulsid, Janssen Pharmaceutica, Inc., which is a corporation based in New Jersey; Janssen's New Jersey-based parent corporation, Johnson & Johnson (collectively, "Janssen"); eight

pharmacies (Canova's City Drug, Fred's Pharmacy, Kroger, Gibson Pharmacy, Market Drugs, Mr. Discount Drugs, Ridgeland Discount Drugs, and Seale Drug Co.); two Mississippi physicians (Dr. Michelle Van Norman, of Rankin County, and Dr. Mike Morgan, of Hinds County); and other "John Does" ("unidentified individuals, corporations, pharmacies, pharmacist[s], physicians or other entities").

¶2.     The plaintiffs included four causes of action in their suit:[1]  first, for strict liability; secondly, for negligence; third, for "breaches of warranties;" and lastly, a claim of "misrepresentation/fraud."

¶3.     Janssen contended that the plaintiffs and their claims were misjoined.  The Smith County Circuit Court denied Janssen's motion to sever the plaintiffs and to transfer venue but certified their interlocutory appeal to this Court on those issues.  We granted permission for this interlocutory appeal.  *See* M.R.A.P. 5.  We considered this case in context of the other *Janssen* cases pending before this Court, but declined to consolidate the cases.

¶4.     Our recent decision in ***Janssen Pharmaceutica, Inc. v. Armond***, 866 So.2d 1092 (Miss. 2004), fully controls the case at hand.  Accordingly, we  reverse and remand for the trial court to sever the claims against the physician defendants and the defendant pharmacists and pharmacies from the proceedings and to transfer the cases to proper venues.

**DISCUSSION**

¶5.     Our standard of review regarding the joinder of plaintiffs and the correctness of venue is to determine if the trial court abused its discretion.  ***Armond***, 866 So. 2d at 1097.  A plaintiff's choice of

---

[1]Although the plaintiffs' amended complaint has causes of action numbered "IV" and "V," there was no "III."

venue should not be disturbed unless there is no credible evidence supporting the factual basis for the claim of venue. *Burgess v. Lucky*, 674 So.2d 506, 510 (Miss. 1996); *see also Armond*, 866 So. 2d at 1098 ("plaintiff's choice of a forum should not be disturbed except for weighty reasons"). As in *Armond*, this case turns on the proper application of M.R.C.P. 20, our permissive joinder rule, and thus the other issues raised by the parties need not be considered. *Id.* at 1094.

¶6.      It is imperative we strike a balance in our jurisprudence between the need for fairness to the parties and judicial economy. In the end, the benefits of efficiency must never be purchased at the cost of fairness. *Id.* at 1100 (quoting *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993)). For "it is possible to go too far in the interests of expediency and to sacrifice basic fairness in the process." *Malcolm*, 995 F.2d at 354. The discretion to consolidate cases is restrained by our paramount concern for a fair and impartial trial for all parties, plaintiffs and defendants. *Armond*, 866 So. 2d at 1100. There is an innate danger in asking jurors to assimilate vast amounts of information against a variety of defendants and then sort through that information to find what bits of it apply to which defendant.

¶7.      Here, the jury might well be overwhelmed with thirty-seven separate fact patterns that are offered to prove malpractice. That is why we ordered the claims against the defendant physicians severed in *Armond*. *Id.* at 1102. The two prongs of Rule 20 must always be met. While it does not rise to the level of a distinct factor in the joinder analysis, an important consideration is if the joinder will result in undue prejudice to the parties.

## CONCLUSION

¶8.      Because this case mirrors *Armond*, the claims against the physician defendants and pharmacists must be severed. The order of the trial court is reversed, and this case is remanded for the severance of

all claims against defendants who have no connection with each individual plaintiff. This includes all physicians and pharmacists or pharmacies who have not prescribed or furnished Propulsid to the individual plaintiffs. We also instruct the trial court to transfer the plaintiffs' cases to those jurisdictions in which each plaintiff could have brought his or her claims without reliance on another of the improperly joined plaintiffs.

¶9.      **REVERSED AND REMANDED.**

**SMITH, C.J., COBB, P.J., CARLSON AND DICKINSON, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. WALLER, P.J., DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**