# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-00287-SCT

*JANSSEN PHARMACEUTICA, INC. AND JOHNSON*
*& JOHNSON*
*v.*

*IZOLA SCOTT, ET AL.*


| | |
|---|---|
| DATE OF JUDGMENT: | 1/29/2003 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | DONNA BROWN JACOBS |
| | CHRISTY D. JONES |
| | JOHN C. HENEGAN |
| | ROBERT L. JOHNSON, III |
| ATTORNEY FOR APPELLEES: | LEVI BOONE, III |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 07/01/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE WALLER AND COBB, P.JJ., AND GRAVES, J.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.      Sixty-five plaintiffs filed suit in Holmes County Circuit Court for injuries allegedly sustained from

using the prescription drug Propulsid.  Two of those plaintiffs were from Holmes County, with the rest

residing in 23 counties  of Mississippi's 82 counties.[1]  The suit was filed against the makers of Propulsid,

Janssen Pharmaceutica, Inc., which is a corporation based in New Jersey; Janssen's New Jersey-based

parent corporation, Johnson & Johnson (collectively, "Janssen"); the estate of Dr. Michael Braden, who

---

[1] There was originally another plaintiff, a resident of Tennessee, who was voluntarily dismissed and
is not a party to this appeal.

allegedly prescribed Propulsid to at least one of the named plaintiffs; and "other unknown defendants," a place marker for the other prescribing physicians.

¶2. The plaintiffs ("Scott") included multiple causes of action in their suit against Janssen, including claims for "strict product liability," negligence, breach of implied warranty; and a claim of negligent misrepresentation. Scott also included five causes of action against Dr. Braden and the unnamed doctors; first, for medical malpractice; second, an allegation that they failed to communicate to the patient, or negligently communicated, the dangers of Propulsid; third, a failure to withdraw the prescriptions or to warn the users; fourth, that the prescribing physicians used inadequate warnings; and last, that there was negligent monitoring of the usage of Propulsid.

¶3. Janssen contended that the plaintiffs' claims were improperly joined. Holmes County Circuit Judge Jannie M. Lewis denied Janssen's motion to sever the plaintiffs' claims and to transfer venue, but certified her order for interlocutory appeal to this Court on those issues. In turn, we granted permission for this interlocutory appeal. *See* M.R.A.P. 5. We considered this case in context of the other Janssen cases pending before this Court, but declined to consolidate the cases. Our recent decision in ***Janssen Pharmaceutica, Inc. v. Armond***, 866 So.2d 1092 (Miss. 2004), fully controls the case at hand. Accordingly, we reverse and remand for the trial court to sever the claims against the physician defendants from the proceedings and to transfer the cases to proper venues.

**DISCUSSION**

¶4. Our standard of review regarding the joinder of plaintiffs and the correctness of venue is to determine if the trial court abused its discretion. ***Armond***, 866 So. 2d at 1097. A plaintiff's choice of venue should not be disturbed unless there is no credible evidence supporting the factual basis for the claim

2

of venue. ***Burgess v. Lucky***, 674 So.2d 506, 510 (Miss. 1996); *see also **Armond***, 866 So. 2d at 1098 ("plaintiff's choice of a forum should not be disturbed except for weighty reasons"). As in ***Armond***, this case turns on the proper application of M.R.C.P. 20, our permissive joinder rule, and thus the other issues raised by the parties need not be considered. ***Armond***, 866 So. 2d at 1094.

¶5.     It is imperative we strike a balance in our jurisprudence between the need for fairness to the parties and judicial economy. In the end, the benefits of efficiency must never be purchased at the cost of fairness. ***Armond***, 866 So. 2d at 1100 (quoting ***Malcolm v. Nat'l Gypsum Co.***, 995 F.2d 346, 350 (2d Cir. 1993)). For "it is possible to go too far in the interests of expediency and to sacrifice basic fairness in the process." ***Malcolm***, 995 F.2d at 354. The discretion to consolidate cases is restrained by our paramount concern for a fair and impartial trial for all parties, plaintiffs and defendants. ***Armond***, 866 So. 2d at 1100. There is an innate danger in asking jurors to assimilate vast amounts of information against a variety of defendants and then sort through that information to find what bits of it apply to which defendant.

¶6.     Here, a jury might well be overwhelmed with sixty-five separate fact patterns that are offered to prove medical malpractice. That is why we ordered the claims against the defendant physicians severed in ***Armond***. 866 So. 2d at 1102. The two prongs of Rule 20 must always be met. While it does not rise to the level of a distinct factor in the joinder analysis, an important consideration is if the joinder will result in undue prejudice to the parties.

### CONCLUSION

¶7.     Because this case mirrors ***Armond***, the claims against the estate of Dr. Braden and all other placeholder slots for defendant doctors must be severed. The order of the trial court is reversed, and this case is remanded for the severance of all claims against defendants who have no connection with Scott.

This includes all physicians who have not prescribed Propulsid to Scott. We also instruct the trial court to transfer the plaintiffs' cases to those jurisdictions in which each plaintiff could have brought his or her claims without reliance on another of the improperly joined plaintiffs.

¶8.	**REVERSED AND REMANDED.**

	**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND DICKINSON, JJ., CONCUR. EASLEY, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**