# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-00881-SCT

*ROCHELLE CULBERT, ET AL.*

*v.*

*JOHNSON & JOHNSON, MALLAN G. MORGAN,*
*M.D., AND SAV-ON-DRUGS OF COLUMBIA, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 4/16/2003 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | RICHARD CLINTON STRONG |
| | KEN R. ADCOCK |
| | MARK D. MORRISON |
| | LESTER JOSEPH MENG, III |
| ATTORNEYS FOR APPELLEES: | DONNA BROWN JACOBS |
| | CHRISTY D. JONES |
| | JOHN C. HENEGAN |
| | ROBERT L. JOHNSON, III |
| | KARI LOUISE FOSTER |
| | CHRIS J. WALKER |
| | JOHN LEWIS HINKLE |
| | AL NUZZO |
| | THOMAS M. LOUIS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AND REMANDED - 09/23/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH
## NO. 2003-IA-00918-SCT

*JANSSEN PHARMACEUTICA, INC. AND JOHNSON*
*& JOHNSON*

*v.*

*ROCHELLE CULBERT, ET AL.*

DATE OF JUDGMENT: 4/16/2003
TRIAL JUDGE: HON. LAMAR PICKARD
COURT FROM WHICH APPEALED: JEFFERSON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS: DONNA BROWN JACOBS
CHRISTY D. JONES
ANITA MODAK-TRURAN
JOHN C. HENEGAN
ROBERT L. JOHNSON, III
ATTORNEYS FOR APPELLEES: RICHARD CLINTON STRONG
KEN R. ADCOCK
MARK D. MORRISON
LESTER JOSEPH MENG, III
NATURE OF THE CASE: CIVIL - PERSONAL INJURY
DISPOSITION: REVERSED AND REMANDED - 09/23/2004
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE COBB, P.J., EASLEY AND GRAVES, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

**STATEMENT OF THE CASE**

¶1.      Thirty plaintiffs, collectively known as the "Plaintiffs," filed suit in Jefferson County Circuit Court

for injuries allegedly sustained from using the prescription drug Propulsid. Two of those plaintiffs were from

Jefferson County, ten are Mississippi residents who live in eight different counties and eighteen reside out-

of-state. The two plaintiffs that are Jefferson County residents are Clara Malone and Janice Davis. The

filed complaint named as defendants, the makers of Propulsid, Janssen Pharmaceutica, Inc., which is a

corporation based in New Jersey; Janssen's New Jersey-based parent corporation, Johnson & Johnson

(collectively, "Janssen"); Ashraf M. Nofal, M.D.; Nathan Bradford, M.D.; Stephen Harless, M.D.; Simon

2

Cofrancesco, D.O.[1]; Mallan Morgan, M.D.; Bankston Pharmacy; Henrich Drug Store, Inc.; Conova's City Drug Store; Fred's Pharmacy, Inc.; Eckerd Corporation; Rite-Aid/K&B; Wal-Mart Stores, Inc.; Condon's East Union Pharmacy; Kroger Limited Partnership I; People's Drug Store; Sav-on Drugs, Inc., who allegedly filled the prescriptions and John Does 1-10 as yet unidentified individuals, collectively identified as the "Defendants."

¶2.     Janssen contends that  the Plaintiffs' claims were improperly joined.  Janssen argues that the Plaintiffs took Propulsid at different times, under different labels and warnings and in response to different marketing materials.  Janssen further contends that the Plaintiffs have different pre-existing conditions that might bear upon any injury.  Because of those differences, Janssen sought to have the Plaintiffs' joinder in Jefferson County severed, alleging that the inquiries into alleged defective design, failure to warn, breach of warranty and misrepresentation will be wholly distinct in each plaintiff's case.  Furthermore, Janssen states that none of the non-Jefferson County Plaintiffs purchased the allegedly defective product or received medical treatment in Jefferson County.

¶3.     The trial court granted  Janssen's motion to sever as to any plaintiffs without original jurisdiction and venue in Jefferson County.  The Plaintiffs filed a motion for clarification and rehearing of, order.  The trial court  granted  the Plaintiffs' motion for clarification and rehearing, in part, as to clarification and denied, in part, as to rehearing.  The trial court's order also denied the Plaintiffs' request to certify the case for interlocutory appeal.  The trial court's order stated that "those plaintiffs without original jurisdiction in Jefferson County, Mississippi, ... should be transferred to the court or courts of the plaintiffs' counsel's

---

[1] Dr. Confranceso was granted summary judgment by the trial court and is not a party to this case on appeal.

choosing as provided for in the Mississippi Rules of Civil Procedure." However, the trial court's order did not specify to which counties the cases were to be transferred. On cross-appeal, the Defendants seek to have this Court remand this matter to the trial court to order the transfer into the appropriate jurisdictions for the in-state Plaintiffs without venue in Jefferson County and dismissal of the out-of-state Plaintiffs under the doctrine of forum non conveniens, or in the alternative, for lack of venue.[2]

¶4.    In turn, we granted permission for these interlocutory appeals. Justice Kay Cobb issued an order granting the Plaintiffs' petition for interlocutory appeal by permission and the Defendants' cross-petition for interlocutory appeal pursuant to M.R.A.P. 5 (a). Justice Cobb also executed an order on behalf of the Court declining the Plaintiffs' request to consolidate this matter with *Janssen Pharmaceutica, Inc. v. Keys*, No. 2003-IA-00275-SCT.

## DISCUSSION

¶5.    The standard of review regarding the joinder of Plaintiffs and the correctness of venue used by this Court is to determine whether the trial court abused its discretion. *Janssen Pharmaceutica, Inc. v. Armond*, 866 So.2d 1092, 1097 (Miss. 2004). We will not disturb a plaintiff's choice of venue unless there is no credible evidence supporting the factual basis for the claim of venue. *Burgess v. Lucky*, 674 So.2d 506, 510 (Miss. 1996). *See also Armond*, 866 So. 2d at 1098 ("plaintiff's choice of a forum should not be disturbed except for weighty reasons"). As in *Armond*, our review in this case turns on

---

[2] As the argument in support of the 18 out-of-state Plaintiffs being allowed to be joined with the in-state-Plaintiffs, the Plaintiffs state that "Janssen is already defending numerous claims resulting from the use of Propulsid in Mississippi...and will not result in unnecessary expense or trouble for the Defendant." The Plaintiffs further contend that since "there are several Mississippi Plaintiffs already involved...there is a local interest in deciding these cases in Mississippi and the administrative costs on the courts will not increase."

whether the trial court properly applied M.R.C.P. 20, our permissive joinder rule. *Armond*, 866 So. 2d at 1094. We find that *Armond* controls the disposition of the substantive issues raised by the parties on appeal.

¶6.     In *Scott v. Janssen Pharmaceutica, Inc.*, 876 So.2d 306 (Miss. 2004), this Court recently addressed a similar factual situation as the case at hand, stating:

> It is imperative we strike a balance in our jurisprudence between the need for fairness to the parties and judicial economy. In the end, the benefits of efficiency must never be purchased at the cost of fairness. *Armond*, 866 So.2d at 1100 (quoting *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir.1993)). For "it is possible to go too far in the interests of expediency and to sacrifice basic fairness in the process." *Malcolm*, 995 F.2d at 354. The discretion to consolidate cases is restrained by our paramount concern for a fair and impartial trial for all parties, plaintiffs and defendants. *Armond*, 866 So.2d at 1100. There is an innate danger in asking jurors to assimilate vast amounts of information against a variety of defendants and then sort through that information to find what bits of it apply to which defendant.

¶7.     Here, as in *Scott*, a jury might well be overwhelmed with thirty separate fact patterns that are offered to prove medical malpractice. *See Scott*, 876 So.2d at 308. That is why in *Armond*, 866 So. 2d at 1102, we ordered the claims against the defendant physicians severed. *See Scott*, 876 So.2d at 308. "The two prongs of Rule 20 must always be met. While it does not rise to the level of a distinct factor in the joinder analysis, an important consideration is if the joinder will result in undue prejudice to the parties." *Id.*

¶8.     Our decisions in *Armond* and *Scott* fully control the case at hand. Accordingly, we affirm the trial court's decision to sever the Plaintiffs' claims. We further affirm the trial court's April 17, 2003, order granting clarification as it required the Plaintiffs to provide the trial court an order of transfer, "transferring

the claims of those Plaintiffs without jurisdiction in Jefferson County, Mississippi,... to the court or courts of the Plaintiffs' counsel's choosing as provided for in the Mississippi Rules of Civil Procedure." Miss. Code Ann. § 11-11-17 provides for the transfer, rather than dismissal, of an action that lacks venue to the venue which it belongs.[3] M.R.C.P. 82(d) provides:

> When an action is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been filed and the case shall proceed as though originally filed therein....The plaintiff shall have the right to select the court to which the action shall be transferred in the event the action might properly have been filed in more than one court.

¶9. Accordingly, we remand this case to the trial court for the Plaintiffs to comply with the trial court's order to provide an order of transfer as to the ten in-state Plaintiffs' claims to the venues where the claims could have been properly filed. We further remand this case to the trial court to dismiss the eighteen out-of-state Plaintiffs' claims without prejudice.

¶10. Finally, we find that two Jefferson County Plaintiffs, Clara Malone and Janice Davis, do not meet the same transaction or occurrence test established by this Court in *Armond*. Therefore, we further instruct the trial court to sever the claims of the improperly joined Jefferson County plaintiffs for separate trials.

**CONCLUSION**

¶11. Therefore, for the reasons stated herein, the judgment of the Circuit Court of Jefferson County, Mississippi, is affirmed as to No. 2003-IA-00881-SCT and reversed as to No. 2003-IA-00918-SCT,

---

[3] Miss. Code Ann. § 11-11-3 provides where civil actions may be commenced. Miss. Code Ann. § 11-11-3 also references transfer to the proper county under Miss. Code Ann. § 11-11-17 when a civil action is brought in an improper county.

6

and these cases are remanded for further proceedings consistent with this opinion.

¶12.    **NO. 2003-IA-00881-SCT; AFFIRMED AND REMANDED.**

**NO. 2003-IA-00918-SCT; REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND DICKINSON, JJ., CONCUR.  GRAVES, J., CONCURS IN PART.  DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**