# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-01255-SCT

*WYETH LABORATORIES, A. KEITH LAY, JR., M.D.,*
*A. KEITH LAY, SR., M.D., ET AL.*

*v.*

*LONELLE JAMES, ET AL.*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/06/2003 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SMITH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | FRED L. BANKS, JR. |
| | KENNETH W. BARTON |
| | LUTHER T. MUNFORD |
| | J. ROBERT RAMSAY |
| | WILLIAM M. GAGE |
| | JAMES W. SHELSON |
| | AMANDA CLEARMAN WADDELL |
| ATTORNEYS FOR APPELLEES: | FENTON B. DEWEESE, II |
| | EDWARD A. WILLIAMSON |
| | MERRIDA COXWELL |
| | EUGENE COURSEY TULLOS |
| | CHARLES RICHARD MULLINS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 06/30/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This appeal arises from a products liability suit brought by forty-two plaintiffs in Smith County Circuit Court against the manufacturer of two diet drugs, fifteen doctors who prescribed the drugs, and eight pharmacies who filled prescriptions for the drugs.   Lonelle

James, whose case was severed, and Alma Jones are the only Smith County plaintiffs remaining in this litigation. None of the pharmacy defendants or the four remaining doctor defendants in the case are residents of Smith County. The trial court granted a motion to sever the claims of the lead plaintiff in the case and ordered a separate trial for her. Though the trial court stayed the discovery and trial of the other plaintiffs' claims, it denied defendants' motion to sever their claims and transfer venue. We granted Wyeth Laboratories and other defendants permission to appeal the denial of their motion. See M.R.A.P. 5. They allege that the trial court abused its discretion in failing to sever claims and transfer venue to a proper court for each plaintiff. Finding that the trial court abused its discretion in denying defendants' motion, we reverse and remand.

### FACTS AND PROCEDURAL HISTORY

¶2. Lonelle James, a resident of Smith County, Mississippi, and forty-one other plaintiffs brought suit in Smith County against Wyeth Laboratories (hereinafter Wyeth), prescribing doctors, and pharmacies who filled prescriptions for plaintiffs. Plaintiffs alleged that the defendants were responsible for injuries they sustained from the ingestion of Wyeth's drugs, Pondimin and/or Redux.[1] Wyeth filed a motion to sever and transfer the claims of plaintiffs who were not residents of Smith County, which was joined by a number of the other defendants. The trial court entered an order dated June 6, 2003, in which it severed the claims of Lonelle James and set her case for trial, stayed the discovery and trial of the other plaintiffs' claims, and denied defendants' motion to sever and transfer venue and defendants' motion for

---

[1] This is a "Fen-Phen" case. Pondimin is the trade name for fenfluramine, and Redux is the trade name for dexfenfluramine.

certification of interlocutory appeal. This Court granted defendants' petition for interlocutory appeal on August 28, 2003. Plaintiffs sought voluntary dismissal of fourteen plaintiffs and eleven of the fifteen defendant doctors, which this Court granted on March 24, 2004.

## DISCUSSION

¶3. We review a trial court's decision regarding joinder and venue for abuse of discretion. *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092, 1095 (Miss. 2004).

> **I.** **Did the Trial Court Abuse its Discretion by Failing to Sever Plaintiffs' Claims and Transfer Their Cases to an Appropriate Venue?**

¶4. Defendants argue that the trial court erred in denying their motion to sever and transfer venue because the claims of these plaintiffs do not comply with the requirements for permissive joinder set forth in this Court's recent *Janssen* line of cases.[2] Plaintiffs claim that the instant case is distinguishable from the *Janssen* cases and that their claims are properly joined under Miss. R. Civ. P. 20(a).

¶5. Joinder of parties is proper under Rule 20(a) if "(1) the claims arise from the same series of transactions or occurrences and (2) the claims share a common issue of law or fact." *Janssen Pharmaceutica, Inc. v. Bailey*, 878 So. 2d 31, 33 (Miss. 2004). Both of these prongs must be established before joinder is proper, and the 2004 amendment to the comments to Rule 20 interprets the "transaction or occurrence" prong to require "a distinct litigable event

---

[2] *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092 (Miss. 2004); *Janssen Pharmaceutica, Inc. v. Bailey*, 878 So. 2d 31 (Miss. 2004); *Janssen Pharmaceutica, Inc. v. Grant*, 873 So. 2d 100 (Miss. 2004); *Janssen Pharmaceutica, Inc. v. Scott*, 876 So. 2d 306 (Miss. 2004); *Janssen Pharmaceutica, Inc. v. Keys*, 879 So. 2d 446 (Miss. 2004); *Janssen Pharmaceutica, Inc. v. Jackson*, 883 So. 2d 91 (Miss. 2004).

linking the parties." ***Bailey***, 878 So. 2d at 33-34 (citing Miss. R. Civ. P. 20 cmt.). In ***Armond***, this Court found that the prescribing of Propulsid by 42 different doctors to 56 different patients "did not arise out of the same transaction, occurrence, or series of transactions or occurrences, and that joinder in this case unfairly prejudices the defendants." ***Armond***, 866 So. 2d at 1095. The Court further stated that there was "no litigable event common to all the parties" because "each doctor-patient pair presents a different set of factual issues. ***Id.*** at 1099.

¶6. In addition to the ***Janssen*** cases, which provide ample support for granting defendants' motion to sever and transfer venue, we recently decided ***Wyeth-Ayerst Laboratories v. Caldwell***, 2005 WL 171387 (Miss. Jan. 27, 2005), which we find controlling in the instant case. ***Caldwell*** involved the same defendant (Wyeth), the same drugs (Pondimin and Redux), the same alleged injury (valvular heart disease), and the same issues being litigated in this matter. Only one of the seven plaintiffs and none of the defendants in ***Caldwell*** resided in Jones County, where the suit was brought. ***Caldwell***, 2005 WL 171387 at *2-3. Plaintiffs in ***Caldwell*** alleged "valvular heart disease," the same injury alleged by the plaintiffs in the case at bar. ***Id.*** at 2.

¶7. The plaintiffs in ***Caldwell*** argued that their claims against the multiple defendants met the same transaction or occurrence test because of:

> ingestion of the same drugs, prescription in the same state, production by the same manufacturer, the plaintiffs' trust in the seven different doctors who relied on false warning labels when prescribing the drug, and the same false and misleading warning labels resulting in the ingestion of the drugs.

4

*Id*. at \*2. The plaintiffs here have failed to set out any facts or circumstances that are any different from those in *Caldwell* or any of our other precedence that would satisfy the required "same transaction or occurrences" prong of the permissive joinder test. The claims and facts asserted in *Caldwell* are virtually mirror images of the claims advanced by the plaintiffs in the case at bar. This Court found that joinder was improper in *Caldwell* and that the plaintiffs' claims should be severed and transferred to an appropriate venue. This decision was based, in part, on the fact that plaintiffs would be required to show "how they were exposed to those drugs" which would necessitate "introducing evidence of their unrelated interactions with various doctors." *Id*. at \*3. We determined that introducing such evidence where there are multiple plaintiff's claims against multiple defendants would "inevitably result in the same confusing presentation of evidence which we sought to avoid in reversing the trial court in *Armond*." *Id*. The same is true here.

¶8.      Plaintiffs attempt to distinguish their case from this Court's prior decisions on joinder. We fail to see any distinguishing facts or circumstances. None of the plaintiffs' arguments have merit in light of our *Janssen* line of decisions and especially in view of *Caldwell*. We found plaintiff's joinder improper in *Caldwell*, where the same products, same pharmaceutical company, same alleged injury, and same theories of liability (including fraud) were involved. Therefore, based upon our well-documented precedents and particularly *Caldwell,* we find joinder improper in the instant case.

5

## CONCLUSION

¶9.     We hold that the trial court abused its discretion in denying defendants' motion to sever and transfer venue.  We reverse the circuit courts order and remand this case to the circuit court which shall sever each plaintiff's case and transfer it to the appropriate venue.

¶10.    **REVERSED AND REMANDED**.

**WALLER AND COBB, P.JJ., CARLSON AND DICKINSON, JJ., CONCUR. RANDOLPH, J., CONCURS IN RESULT ONLY.  EASLEY, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.   GRAVES, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION.  DIAZ, J., NOT PARTICIPATING.**

**GRAVES, JUSTICE, CONCURRING IN RESULT ONLY:**

¶11.    I agree with the result reached by the majority but not its opinion.  My agreement is based on the reasons previously stated in my specially concurring opinion in *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092, 1102-04 (Miss. 2004). Here, the majority's reasoning is flawed to the extent it relies on the new comment to Rule 20 of the Mississippi Rules of Civil Procedure (M.R.C.P.).  Once again this Court is faced with the issue of whether the claims of multiple plaintiffs were properly joined under M.R.C.P. 20.  This Court sought to address a perceived abuse of Mississippi's liberal joinder rules in the area of mass tort litigation first by fashioning a judicial remedy in *Armond* and then with an amendment to the comments of M.R.C.P. 20.  In attempting to clarify the joinder requirements, this Court has coined the phrase "distinct litigable event;" however, in subsequent cases, those members of the Court who have embraced this term have provided no guidance or instruction as to what is necessary for finding "a distinct litigable event," such that joinder may be maintained.

¶12. This Court should either acknowledge an equitable class action or amend the Mississippi Rules of Civil Procedure to include a class action rule mirroring Federal Rule of Civil Procedure 23, which forty-nine other states have done. Until then, we will continually be faced with having to dispose of these matters on a case-by-case basis. This will also require repeated attempts to provide structure for the now-amorphous term "distinct litigable event" with each new decision. In the meantime, both the bench and bar are left to try and discern the vague, fluid and indefinite meaning of the phrase "distinct litigable event." This flies in the face of judicial economy and common sense, so I do not join the majority opinion.