COBB, Presiding Justice,
for the Court.
¶ 1. This case is before the Court on an interlocutory appeal filed by Warner-Lambert Company and its unincorporated division, Parke-Davis, together with four physicians who prescribed the drug Rezulin (collectively Warner-Lambert)[1], following *1093 the Holmes County Circuit Court’s denial of their motion to sever and transfer venue. The underlying medical malpractice and pharmaceutical product liability case was filed in Holmes County on May 22, 2001, by plaintiffs Hellon Potts, Ora Frazier, Charles Jones, Jr., and Mary Lou Dansby, residents of Holmes, Adams, Jasper and Rankin Counties, respectively.
STATEMENT OF THE CASE
¶ 2. This case concerns venue and join-der. Specifically, it raises issues concerning whether Miss. R. Civ. P. 82(c) unconstitutionally alters a defendant’s statutory venue rights. Additionally, it questions this Court’s prior interpretation of Miss. R. Civ. P. 82(c) regarding whether Rule 82(c) allows a plaintiff to acquire venue based solely on the act of joining with another plaintiff who has established venue, which is sometimes referred to as “venue-by-joinder.” The recent Janssen[2] appeals raised these same questions, but the Janssen cases were decided on the threshold issue that joinder of the plaintiffs was improper under M.R.C.P. 20.
¶ 3. In the present case, the constitutionality of Rule 82(c) is the primary issue raised by Warner-Lambert. Improper joinder under Rule 20 was raised only in the alternative. Plaintiffs filed no response. It is well-settled by the decisions of this Court that a constitutional question will be passed on where the issues involved in a particular case are such that the case may be decided on other grounds. Broadhead v. Monaghan, 238 Miss. 239, 255, 117 So.2d 881, 888 (1960). This Court has previously stated that when there is no necessity to reach a question, we will not. See Western Line Consol. Sch. Dist. v. Greenville Mun. Separate Sch. Dist., 433 So.2d 954, 957 (Miss.1983) (“We do not need to decide this thorny question in this case, however, because we agree with the chancellor that there is no necessity of our doing so.”). The present case is in the mold of the Janssen cases, with the plaintiffs clearly improperly joined under Rule 20. As in the Janssen cases, there is no need to reach the Rule 82(c) question because improper joinder under Rule 20 is disposi-tive. Thus, we hold that, based on the rationale stated in Janssen Pharmaceutica, Inc. v. Armond, 866 So.2d 1092 (Miss.2004), the plaintiffs in this case are improperly joined. Each plaintiffs case must be severed from that of Potts, and each case must be transferred to a county in which it could have been independently brought.
FACTS
¶ 4. The named defendants in this case are Warner-Lambert Company, a non-resident corporation; Parke-Davis, an unincorporated division of Warner-Lambert; four diverse doctors who reside in Adams, Jasper, Madison, and Holmes Counties; and four diverse pharmacists who reside in Adams, Jasper, Adams, and Hinds Counties. Each plaintiff is affiliated with only one doctor and one pharmacist.[3] *1094 Helen Potts and her respective physician and pharmacist all reside in Holmes County. The other plaintiffs live in Adams, Jasper, and Rankin Counties. Each alleges injuries from consuming the drug Rezu-lin, a diabetes drug on the market from 1997 until 2000. The trial court denied the motion to sever and transfer filed by Warner Lambert, but certified the order for interlocutory appeal. We granted the petition for interlocutory appeal and stayed the trial court proceedings as to the claims of Frazier, Jones and Dansby. See M.R.A.P. 5. Subsequently Drs. Lay and Sivils were voluntarily dismissed from the case.
ANALYSIS
¶ 5. The standard of review regarding joinder and venue is abuse of discretion. See Earwood v. Reeves, 798 So.2d 508, 512 (Miss.2001); Salts v. Gulf Nat’l Life Ins. Co., 743 So.2d 371, 373 (Miss.1999); Estate of Jones v. Quinn, 716 So.2d 624, 626 (Miss.1998). A plaintiffs choice of a forum should not be disturbed except for weighty reasons. III. Cent. R.R. v. Samson, 799 So.2d 20, 25 (Miss.2001); Salts, 743 So.2d at 373; Burgess v. Lucky, 674 So.2d 506, 510 (Miss.1996). Armond clearly demonstrates that it is improper to join diverse plaintiffs with diverse defendants in the same law suit. Rule 20 prohibits joinder of plaintiffs unless they assert a right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action. Per Armond, the joinder of plaintiffs in this case simply does not meet these criteria.
CONCLUSION
¶ 6. We hold that the trial court abused its discretion in joining the four plaintiffs’ cases. We reverse the trial court’s order and remand the case for severance of the cases of plaintiffs Ora Frazier, Charles Jones, Jr., and Mary Lou Dansby from that of Potts. Additionally, each of these three severed cases should be transferred pursuant to Miss. R. Civ. P. 82(d) to a proper venue.
¶ 7. REVERSED AND REMANDED.
SMITH, C.J., WALLER, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ„ CONCUR. EASLEY, J., CONCURS IN RESULT ONLY. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.

. Warner-Lambert Company and Parke-Davis filed the petition for interlocutory appeal and a brief in which defendants Dr. John G. Downer and Dr. Kenneth W. Stubbs joined. Defendants Dr. Keith Lay and Dr. Larry Silvis joined in a separate brief. Four pharmacist defendants did not join in this *1093 appeal. Drs. Lay and Silvis were subsequently dismissed from the suit.

. Janssen Pharmaceutica, Inc. v. Armond, 866 So.2d 1092 (Miss.2004), and its progeny, Janssen Pharmaceutica, Inc. v. Keys, 879 So.2d 446 (Miss.2004); Janssen Pharmaceutica, Inc. v. Scott, 876 So.2d 306 (Miss.2004); Janssen Pharmaceutica, Inc. v. Bailey, 878 So.2d 31 (Miss.2004); Janssen Pharmaceutica, Inc. v. Grant, 873 So.2d 100 (Miss.2004).

. The following list shows the name and county of residence of each plaintiff, with the name and county of residence of each one's physician and pharmacist:
(1) Hellon Potts, Holmes; Dr. Downer, Holmes; pharmacist Henrich, Holmes.
*1094 (2) Ora Frazier, Adams; Dr. Stubbs, Adams; pharmacist Spilberger, Adams.
(3) Charles Jones, Jasper; Dr. Lay, Jasper; pharmacist Blackledge, Jasper.
(4)Maiy Lou Dansby, Rankin; Dr. Sivils, Madison; pharmacist Johnson, Hinds.