RANDOLPH, PRESIDING JUSTICE,
CONCURRING IN RESULT ONLY:
¶ 21. My esteemed colleagues engage in verbal sparring on an issue which does not demand our attention. “[I]t is well-settled that ‘a constitutional question will be passed on where the issues involved in a particular case are such that the case may be decided on other grounds.’ ” Miss. Power Co., Inc. v. Miss. Pub. Serv. Comm’n, 168 So.3d 905, 910 (Miss. 2015) (quoting Warner-Lambert Co. v. Potts, 909 So.2d 1092, 1093 (Miss. 2005)). Without delving into an extended study and resulting discourse concerning the Constitution and the separation of powers, can we not agree that this Court has jurisdiction to review a circuit court’s order?
¶ 22. Rep. J.P. Hughes filed a petition in Hinds County Circuit Court seeking a temporary restraining order (TRO) without ever noticing Speaker Philip Gunn. The grant of a TRO without notice is governed by Rule 65(b) of the Mississippi Rules of Civil Procedure.
A temporary restraining order may be granted, without notice to the adverse party or his attorney if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and (2) the applicant’s attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and reasons supporting his claim that notice should not be required. Every temporary restraining order granted without notice shall be endorsed with the date and hour of issuance; shall be filed forthwith in the clerk’s office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without no *975 tice; and shall expire by its terms within such time after entry, not to exceed ten days ....
M.R.C.P. 65(b).
¶23. While Rep. Hughes’s petition is notarized and sworn to, he filed neither a complaint nor an affidavit. Although he alleges “irreparable harm,” he fails to specify any physical or psychological injury that he has suffered—or would suffer— or how the undescribed injury would be irreparable. He does not aver that he or any other member of the House was unable to read, did not have access to the full text of any bill, was uninformed regarding the text of any bill, or that he was unable to understand the text, substance, or import of any bill.[18] In short, Hughes failed to show the urgency and necessity which precipitates a need for a TRO. Equally fatal to Rep. Hughes’s petition is his failure to certify his efforts to provide notice to Speaker Gunn and the reasons why notice should not be required. The petition is totally devoid of any efforts to provide notice and/or reasons why notice should not be required.
¶ 24. The TRO issued is similarly fatally defective. The order fails to decree (1) why the undescribed, undefined “injury” is irreparable and (2) why the trial court granted the order without notice.
¶ 25. The TRO was dissolved by an en banc order of this Court, which also stayed all proceedings in the circuit court until further ordered by this Court. Due to the procedural deficiencies of both the petition and the TRO, the TRO issued in this case is void. Speaker Gunn was wrongfully restrained. Thus, I agree with remanding this matter to the circuit court. However, I would include an instruction to the circuit judge to conduct a hearing to determine the reasonable costs, expenses, and attorney’s fees incurred by the Speaker, as provided by Rule 65(c).[19] The citizens of this State should not be saddled with the costs of this litigation.
BEAM, J., JOINS THIS OPINION IN PART.

. Although. Rep. Hughes alleges that the bills were being read at an “unintelligible speed,’’ he does not dispute the affidavit of the Clerk of the House of Representatives, who swears that
[a]t the beginning of the term every Member of the House, by taxpayer expense, is offered either a laptop computer or an iPad for purposes of access to the Internet. This technology is offered to give legislators a platform to research legislation, to read bills, and to do official work of the House. Every Member of the House accepted and received either a laptop computer or an iPad, except for the Speaker and Speaker Pro Tempore. The current text of every bill is available online at all times. All Members therefore have immediate access to the text of every bill as it is being read in the House. In addition to a laptop or iPad, legislators are offered hard copies of bills in committee and can obtain a hard copy of a bill, by request, on the House floor.

. See M.R.C.P. 65(c) (requiring a TRO applicant to post security “in such sum as the court deems proper, for the payment of such costs, damages, and reasonable attorney’s fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained”).